UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MORGAN HANUSOWSKI                                                                    PLAINTIFF
#556211/ADC #754428

V.                              No. 3:20-cv-273-DPM-JTR

KEITH BOWERS, Captain;
and WILLISTER BLACK,
Booking/Corrections Officer,
Craighead County Detention Center                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Morgan Hanusowski ("Hanusowski"), a prisoner in the Craighead County Detention Center ("CCDC"), has filed a *pro se* § 1983 Complaint alleging that Defendants, Captain Keith Bowers ("Bowers") and Officer Willister Black

("Black") violated her constitutional rights. *Doc. 2.* Before Hanusowski may proceed with this case, the Court must screen her claims.[1]

## II. Discussion

In her Complaint, Hanusowski alleges that, since her arrival at the CCDC on October 13, 2019: (1) there is "no hot water for showers" or only one working shower in the women's unit; (2) the air conditioner is turned off in mid-summer and runs at "full blast" in winter; (3) unspecified individuals took the "whites" that prisoners had purchased online; (4) "everything" is covered with rust and black mold, and three cells in F2 pod flood when it rains; (5) "most" of the guards are verbally abusive; (6) the prisoners are not given adequate serving portions or their meals "on time"; and (7) an unidentified "male booking guard" "preys on female inmates" and commits "inappropriate acts" with them. For relief, Hanusowski wants the CCDC "shut down" or "thoroughly" investigated and for jail officials to be "held accountable" for "negligence." *Doc. 2 at 4-6.* Despite naming Bowers and Black as the only Defendants in the case, Hanusowski makes no specific factual or legal allegations against either of them.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

On September 17, 2020, the Court entered an Order advising Hanusowski of the deficiencies in her Complaint and providing her with the opportunity to file an Amended Complaint. *Doc. 4*. Hanusowksi did not file an Amended Complaint. Thus, the Court will screen her original Complaint.

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. In addition, a plaintiff must plead facts showing how *each defendant was personally involved* in the alleged constitutional wrongdoing. *Id*. at 676.

In the absence of any allegations to show how either Bowers or Black were personally involved in violating her constitutional rights, Hanusowski has failed to plead a plausible § 1983 claim.

IT IS THEREFORE RECOMMENDED THAT:

1.   All claims asserted in Hanusowski's Complaint be dismissed, without prejudice, for failure to state a plausible claim that her federal constitutional rights were violated.

2. The dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE